

**Lento Law Group, P.C.**
1814 RT 70 STE 321
Cherry Hill , NJ 08003
856-652-2000 Ext: 497 (T)
856-375-1010 (F)
Lawrence A. Katz, Esquire
Member of the PA and NJ Bar
Lakatz@lentolawgroup.com

February 11, 2025

**VIA ECF**

Honorable Joan M. Azrack, United States District Judge
United States District Court, Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip NY 11722

RE: **Melanthiou v. Board of Trustees, Long Island University, et al.,
Case No. 24-cv-07024 (JMA)(SIL)**

Dear Judge Azrack,

We represent Plaintiff, Nickolas Melanthiou, in this matter. In response to Defendants' initial Letter regarding their Motion to Dismiss, we respectfully submit that the claims outlined in the Complaint should not be dismissed for the reasons set forth below.

## I.  Summary of Plaintiff's Claims

Plaintiff, Nickolas Melanthiou, brings claims against Long Island University ("LIU") and its individual administrators for violations of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act, as well as for Intentional Infliction of Emotional Distress ("IIED"). *See*, Compl. Mr. Melanthiou alleges that LIU and its administrators failed to provide reasonable accommodations for his disabilities, including ADHD, anxiety, and depression, which significantly affected his academic performance. *Id.* at ¶ ¶ 1-52. Despite his requests for accommodations, LIU required him to retake courses he had already passed, forcing him to meet conditions for reinstatement that were unreasonable and discriminatory based on his disabilities. *Id.* at 2. These actions violate the ADA and Section 504, as Mr. Melanthiou was denied equal access to educational opportunities available to other students. *Id.* at ¶ ¶ 55-71. Mr. Melanthiou seeks damages for the harm caused by Defendants' actions and injunctive relief to ensure that similar discriminatory practices do not continue. *Id.* at pg. 14-15.

## II.  Argument

Plaintiff acknowledges that the statute of limitations for his Intentional Infliction of Emotional Distress (IIED) claim is one year, and he recognizes the procedural time bar related to this claim. Accordingly, Plaintiff will be withdrawing the IIED claim from consideration. However, Mr. Melanthiou respectfully submits that the remainder of his claims under the ADA and Section 504 of the Rehabilitation Act should be allowed to proceed. These claims are well-pled, based on documented facts and supported by relevant legal standards, and they raise valid issues of disability discrimination that warrant further examination.

### A.  Individual Defendants can be Sued in Their Individual And Official Capacities.

*Official Capacity*:

Mr. Melanthiou's claims against the individual Defendants should not be dismissed on the grounds that individuals cannot be sued under the ADA or Section 504. While it is true that neither Title II of the NDA nor § 504 of the Rehabilitation Act provides for "individual" capacity suit(s), "sovereign immunity does not… extend to local governments or municipalities." *Leitner v. Westchester Community College*, 779 F.3d 130, 137 (2d Cir. 2015); *see also*, *Lalonde v. City of Ogdensburg*, 662 F. Supp. 3d 289, 327 (N.D.N.Y. 2023). Thus, the individual Defendants are not barred from being sued in their official capacities and sovereign immunity need not apply.

Further, even if sovereign immunity were at issue, "abrogation [of Eleventh Amendment sovereign immunity] under Title II [of the ADA] is a congruent and proportional response to the history of discrimination against the disabled ...." *Goonewardena v. New York*, 475 F. Supp. 2d 310, 326 (S.D.N.Y. 2007). Because "abrogation under Title II [of the ADA] is a valid exercise of Congressional power under section 5 [of the Fourteenth Amendment], sovereign immunity is not a ground which bars" a plaintiff's claims against the State. *Id.* In addition, where "the immunity of the individual defendants sued in their official capacities parallels that of the State[,]" because "sovereign immunity does not shield [the State], it does not shield the individual defendants in their official capacities." *Id.* at 326–27. Accordingly, while the "individual" Defendants may not be sued in their individual capacities, they can certainly be sued in their "official" capacities with their role in carrying out the discrimination against Mr. Melanthiou.

Individual Capacity:

Defendants cite *Coddington v. Adelphi University*, 45 F.Supp.2d 211, 214-218 (E.D.N.Y. 1999) for their proposition that Plaintiff's ADA and Rehab Act claims against the individual defendants should be dismissed as a matter of course. Their argument is misplaced because the ruling in Coddington is limited to non-policy making employees. *Id.* at 215-16 (employees having discretion to perform potentially discriminatory acts may be liable under the ADA where such acts result from the individual's discretion).

The court in *Emmons*, *v. City University of New York*, 715 F.Supp.2d 394, 407-408 (E.D.N.Y. 2010). on the other hand, held categorically that "[a]s an initial matter, individual defendants are not subject to personal liability as a matter of law under either statute" (i.e., the ADA or the Rehab Act)). The cases cited by the *Emmons* court in support of its overly broad statement do not make any reference to the partial carve-out for employees with policymaking authority in Coddington, and Coddington has not been overruled on that point.

### B. Plaintiff Meets the Pleading Requirements for His Claims.

Mr. Melanthiou's Complaint meets the pleading standards under Federal Rule of Civil Procedure Rule 8(a), which requires a short and plain statement of the claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must provide enough factual detail to make the claims plausible on their face. *Id.* Mr. Melanthiou meets this standard.

To state a claim under both the ADA and Section 504 of the Rehabilitation Act, Plaintiff must plausibly allege that: (1) He is a "qualified individual" with a disability; (2) LIU is subject to the Acts; and (3) Plaintiff was denied the opportunity to participate in or benefit from LIU's services, programs, or activities, or was otherwise discriminated against by LIU by reason of his disabilities. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).

Plaintiff has sufficiently pled all three elements. First, Plaintiff alleged that he is a "qualified individual" as he suffers from ADHD, generalized anxiety disorder, and depression, which substantially limit his ability to engage in major life activities, such as learning, concentrating, and thinking. *See*, Compl., ¶ ¶ 58; 68. These conditions qualify him as a "qualified individual" under both the ADA, 42 U.S.C. § 12102, and Section 504, 29 U.S.C. § 794. In addition, Defendants' argument that Plaintiff fails to adequately allege a disability within the meaning of the ADA and Section 504 is misplaced. Defendants rely on *Emmons v. City University of New York*, where the court found that the plaintiff's emotional issues were temporary and did not meet the definition of a disability under the ADA. 715 F. Supp. 2d 394, 409

(E.D.N.Y. 2010). However, this case is distinguishable because Plaintiff has documented, long-term disabilities, including ADHD, generalized anxiety disorder, and depression, which are not temporary in nature. Compl., ¶¶ 58; 68. These conditions substantially limit Plaintiff's ability to perform major life activities such as learning, concentrating, thinking, and working. *Id.* Unlike the plaintiff in *Emmons*, whose conditions were considered likely to be temporary, Plaintiff's mental and emotional disabilities are chronic, significantly affecting his daily functioning. Second, Plaintiff has pled that LIU is a recipient of federal financial assistance and, as a public educational institution, is subject to both Section 504 of the Rehabilitation Act and Title II of the ADA. *Id.* at ¶¶ 56-57; 64; *See also*, *Garcia v. SUNY Health Sciences Center of Brooklyn*, 280 F.3d 98, 104 (2d Cir. 2001).

Finally, Plaintiff's allegations that LIU required him to retake seven courses he had already passed as a condition for reinstatement, despite his disabilities, clearly state that he was discriminated against by LIU due to his disability. Compl., ¶¶ 60-62;65-67. Defendants' denial of reasonable accommodations directly impaired Plaintiff's ability to benefit from LIU's educational programs, thereby violating both the ADA and Section 504. *See*, *Harris v. New York State Education Department*, 419 F. Supp. 2d 530, 533 (S.D.N.Y. 2006) (where the court held that failure to accommodate an individual with a disability constitutes discrimination under both the ADA and Section 504 if it impairs the individual's access to the services and benefits provided by the institution). Accordingly, Plaintiff has successfully pled causes of action for his first and second claims.
.

    **C. Assuming arguendo that this Court Determines Plaintiff's Complaint is Deficient, it Should Grant Leave to Amend.**

Even if this Court finds the Complaint insufficient, Mr. Melanthiou respectfully requests leave to amend. As stated in *Ashcroft*, courts should allow leave to amend when the Plaintiff has made a good-faith effort to plead the elements of the claims and where further factual development may support the allegations. 556 U.S. 662, 678. Mr. Melanthiou's claims under the ADA and Section 504 are plausible and supported by the facts alleged, and any deficiencies in the pleading can be corrected through an amended complaint. The Second Circuit has consistently allowed amendments to be made when there is potential for the Plaintiff to properly state a claim. *See*, *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir.2002) (where the court held that leave to amend should be freely given when justice so requires); *see also*, *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir.1999).

Respectfully,

THE LENT LAW GROUP

BY: _____
     LAWRENCE A. KATZ